UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. __DR-12-CA-18__ |
| | ) | |
| 2011 JEEP GRAND CHEROKEE, | ) | |
| VIN: 1J4RR5GT9BC582749, | ) | |
| | ) | |
| Respondent. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner, United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed.R.Civ.P., and respectfully states as follows:

### I.
### NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the property described below:

> One 2011 Jeep Grand Cherokee, VIN: 1J4RR5GT9BC582749, fitted with Level III Ultra Protection Armoring.

### II.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Vehicle for violations of Title 19 U.S.C. § 1595a(d) and subject to forfeiture to the United States of America pursuant to Title 22 U.S.C. § 401(a), which state:

**Title 19 U.S.C. § 1595a. Forfeiture and other penalties**
 (d) Merchandise exported...or attempted to be exported or sent from the United States contrary to the law ...shall be seized and forfeited to the United States.

**Title 22 U.S.C. § 401. Legal exportation of war materials**
 (a) Seizure and forfeiture of materials and carriers. Whenever an attempt is made to export or ship from or take out of the United States any arms or munitions of was or other articles in violation of law ....any person authorized by the president may seize and detain such arms or munitions of was or other articles in violation of law... The Secretary o f Commerce may seize and detain any commodity (other than arms or munitions of war) ... which is intended to be or is being exported in violation of laws governing such exports ... All arms, munitions of war and other articles....seized pursuant to this subsection shall be forfeited.

**§ 772.1 Definitions of terms as used in the Export Administration Regulations (EAR)**
 The following are definitions of terms as used in the Export Administration Regulations (EAR).

 Dual use. Items that have both commercial and military or proliferation applications. While this term is used informally to describe items that are subject to the EAR, purely commercial items are also subject to the EAR (see § 734.2(a) of the EAR).

**§ Part 774 - Commerce List- Supplement No.1 - 9A018 Equipment on the Wassenaar Munitions List**
 License requirements

 *Reasons for Control:* National Security (NS), Regional Stability (RS), Anti-terrorism( AT)...

 b. Ground Transport vehicles (including trailers) and parts and components therefor designed or modified for non-combat military use and unarmed all-wheel drive vehicles capable of off-road use which have been manufactured or fitted with materials to provide ballistic protection to level III (National Institute of Justice standard 0108.01, September 1985) or better.

**§ Part 738-Commerce Control List Overview and Country Chart**

**§ 738.1 Introduction**
 (a) *Commerce Control List scope.* (1)...The Bureau of Industry and Security ( BIS) maintains the Commerce Control List (CCL) within the Export Administration Regulations (EAR), which includes items...subject to export licencing authority of BIS . . .

(2) The CCL is contained in Supplement No.1 to Part 774 of the EAR.

(b) *Commerce Country Chart scope.* BIS also maintains the Commerce Country Chart. The Commerce Country Chart, located in Supplement No. 1 to part 738, contains licensing requirements based on destination and Reason for Control. In combination with CCL, the Commerce Country Chart allows . . .[determination] whether a license is required for items on the CCL to any country in the world.

### § 738.2 Commerce Control List (CCL) Structure.
(d) . . . Listed below are Reasons for Control . . .

National Security reasons (NS) (including Dual Use and Wassenaar Munitions List) . . . Anti- terrorism(AT) . . . Regional Stability (RS). . .

### § 738.2 Commerce Country Chart.
A review of the Commerce Country Chart for export of items to Mexico listed under 9A018 Equipment of the Wassenaar Munitions List, (which includes "unarmed all-wheel drive vehicles capable of off-road use which have been manufactured or fitted with materials to provide ballistic protection to level III . . . or better ") and which qualify as dual use items, indicates that a licence is required based for national security and regional stability reasons.

### III.
### JURISDICTION AND VENUE

The Court has original jurisdiction of all civil actions, suits or proceedings commenced by the United States under Title 28 U.S.C. § 1345 and over an action for forfeiture under Title 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the One 2011 Jeep Grand Cherokee, VIN: 1J4RR5GT9BC582749, under Title 28 U.S.C. §§ 1355(b)(1) and 1395(a). Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1355(b)(1)(A) and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## IV.
## FACTS IN SUPPORT OF VIOLATIONS

On or about March 31, 2011, Jesus Manuel Estrada Trejo (Estrada) was driving a 1996 Volvo Tractor with a commercial trailer when he arrived at the outbound Camino Real International Bridge in Eagle Pass, Texas at about 8:35 pm. Estrada and his passenger, Ariel Mejia Munoz (Mejia), both gave the Customs Border Protection Officer (CBPO) a negative declaration for firearms, ammunition, and money over $10,000.00. The CBPO asked Estrada if he was carrying merchandise, to which Estrada replied affirmatively. The CBPO then asked Estrada for the paperwork on the merchandise export, but Estrada replied that he had no paperwork, that none had been provided to him.

Estrada was referred to secondary inspection because the trailer was loaded with a brand new 2011 Jeep Grand Cherokee, the Respondent Vehicle, being exported to Mexico. Estrada stated that he and Mejia had picked up the Respondent Vehicle at Bravo Customs in Eagle Pass and that "Jaime" told them to take the Respondent Vehicle to Mexico. Neither Estrada nor Mejia had a Shipper's Export Declaration or any other documentation[1]. As the tractor, trailer, and Respondent Vehicle were being inspected, a CBPO noticed that the Respondent Vehicle was equipped with Level III Ultra Protection Armoring. Vehicles with certain levels of armoring are subject to export laws[2] and the CBPO ordered the Respondent Vehicle detained pending proper export documentation.

Estrada and Mejia were advised to return the next day at 8:00 am. Estrada and Mejia returned on April 1, 2011, with two documents, an AES Direct Shipment Record Number LAF2658,

---

[1] This is required pursuant to 15 C.F.R. § 738 Supplement Part 1, Commerce Country Chart.

[2] This is required pursuant to 15 C.F.R. § 770.2(h).

which had been filed electronically on March 31, 2011 at 11:44 pm and a Mexican "Pedimiento" dated March 31, 2011. The AES Direct Shipment Record listed the commodity as a "Vehicle Armoring" valued at $60,000.00 and the owner as Ultra Protection Armoring, SA, Parque Industrial Torres, Saltillo, CO, MX 25114, Contact: Ignacio Diego. The Pedimiento listed the value of the Respondent Vehicle at $115,053.00; the Importer/Exporter as Ultra Protection Armoring, SA de CV, Torre Eiffel, Parque Ind. Las Torres #352, C.P. 25114, Saltillo, Coahuila, Mexico; and the Provider or Buyer as Ultra Armoring, West Dixon Blvd #2501, Shelby, N.C., C.P. 28150, United States of America.

That same morning of April 1, 2011, the Office of Field Operations Officers reviewed the documents brought in by Estrada and then contacted Ignacio Diego Guerra (Guerra), listed as an Ultra Protection Armoring representative on the AES Direct Shipment Record, for detailed information on the armoring fitted on the Respondent Vehicle. Guerra advised that the armoring on the Respondent Vehicle was NIJ-STD-0108.01 NIJ III / CEN 1063/1522 Level B6. Upon receiving confirmation that the Respondent Vehicle was indeed a NIJ III, the Respondent Vehicle was seized and inventoried because armored vehicles with a NIJ III level of armor are listed on the United States Munitions List, 22 C.F.R. § 121.1, Category VII, and subject to export licensing.

CBP prepared an Export Administration Regulations Request and forwarded it to the Department of Commerce for a License Determination on April 5, 2011. On April 11, 2011, the Department of Commerce determined that the Respondent Vehicle did require a license to export and was considered commerce controlled by Export Control Classification Number 9A018.b. *See* Appendix A. Once that determination was obtained, Estrada was advised that he could take possession of his tractor and trailer which Estrada did.

Upon further investigation by Homeland Security Investigations (HSI), Agents learned that the Respondent Vehicle was purchased at Autos Del Norte in Mexico on January 24, 2011, by Ultra Armoring SA de CV, San Lorenzo # 421-A, Fuentes Del Valle San Pedro Garza Garcia, Nuevo Leon, C.P. 68220. The Respondent Vehicle was then crossed by an employee of Autos Del Norte into the United States through the Eagle Pass, Texas Port of Entry, Bridge No. 2 on January 27, 2011. The employee was instructed to deliver the Respondent Vehicle to Bravo Customs in Eagle Pass, Texas. The employee stated that he had delivered vehicles to Bravo Customs several times and then be sent to pick them up once they had been armored and deliver them back to Autos Del Norte.

Document obtained from Ultra Armoring, 2501 West Dixon Blvd., Shelby, N.C., 28054, indicate that the cost of the Jeep was approximately $51,000.00 United States dollars and that the cost of the armoring was $60,000.00 United States Dollars. The armor fitted on the respondent Vehicle is summarized as follows:

1. Four side armoring of passenger compartment to provide protection against 7.62 x .51 mm, in accordance with NIJ-STD-0108.01 NIJ III / CEN 1063/1522 Level B6;

2. Floor of vehicle fitted with a blast blanket to protect occupants against denotation of hand grenade and the bulkhead ballistic protection against 7.62 x .51 mm;

3. All doors/windows openings are armor over lapped with 42 mm laminated glass in all windows;

4. Vehicle battery and ECM ballistic steel incased armor protection along with radiator; and

5. Armored gas tank.

Considering in totality the above described facts and circumstances, the evidence demonstrates that because the Respondent Vehicle had been modified and equipped with NIJ III armoring, it required a license before it could be exported from the United States. The Respondent

Vehicle was being exported without said license and contrary to law. Therefore, the Respondent Vehicle is subject to forfeiture to the United States pursuant to Title 22 U.S.C. § 401(a), for violations of Title 19 U.S.C. § 1595a(d).

## V.
## PRAYER

By virtue of the facts and circumstances supporting the seizure and forfeiture of the Respondent Vehicle, as contained in the aforementioned actions, uses, and premises and/or intended actions, uses, and premises, the Respondent Vehicle is subject to forfeiture to the United States of America pursuant to the provisions of Title 22 U.S.C. § 401(a) for violations of Title 19 U.S.C. § 1595a(d).

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Vehicle, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed[3], that a warrant for an arrest in rem be ordered, that the Respondent Vehicle be forfeited to the United States of America, that the Respondent Vehicle be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

---

[3]Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Vehicle.

Respectfully submitted,

ROBERT PITMAN
United States Attorney

By: _____
Diana Cruz-Zapata
Assistant United States Attorney
Chief, Asset Forfeiture Section
601 N. W. Loop 410, Suite 600
San Antonio, Texas  78216
Tel. (210) 384-7040
Fax  (210) 384-7045
Texas Bar No.  05196800

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | ) |
| | ) |
| **COUNTY OF VAL VERDE** | ) |

Special Agent Isidro Trevino declares and says that:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, assigned to the Eagle Pass Resident Agent in Charge Office, and am the investigator responsible for the accuracy of the information provided in this litigation;

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___8th___ day of February, 2012.

_____
Isidro Trevino, Special Agent
Department of Homeland Security
Homeland Security Investigations
Eagle Pass Office

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>V. )<br>)<br>ONE 2011 JEEP GRAND CHEROKEE, )<br>VIN: 1J4RR5GT9BC582749, )<br>)<br>Respondent. ) | CIVIL ACTION NO. __DR-12-CA-18__ |

## NOTICE OF COMPLAINT FOR FORFEITURE

1. On February 23, 2012, a Verified Complaint for Forfeiture was filed in this Court by the United States Attorney for the Western District of Texas and Assistant United States Attorney Diana Cruz-Zapata, against the Respondent Vehicle, more particularly described in the Verified Complaint for Forfeiture, for violations of Title 19 U.S.C. § 1595a(d), and subject to forfeiture to the United States of America pursuant to Title 22 U.S.C. § 401(a), namely:

One 2011 Jeep Grand Cherokee, VIN: 1J4RR5GT9BC582749, fitted with Level III Ultra Protection Armoring.

2. Pursuant to Supplemental Rule G(4)(b) notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Property. Pursuant to Supplemental Rule G(4)(b) any person claiming an interest in the Real Property who has received direct notice of this forfeiture action must file a Claim in compliance with Rule G(5)(a), with the court within **thirty-five (35) days after the notice was sent, if delivered by mail (if mailed, the date sent is provided below), or within 35 days of the date of delivery, if notice was**

**personally served**. An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **twenty-one (21)** days of the Claim being filed.

The Claim and Answer must be filed with the Clerk of the Court, 111 East Broadway, Room L100, Del Rio, Texas 78840, and copies of each must be served upon Assistant United States Attorney Diana Cruz-Zapata, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216, or default and forfeiture will be ordered. *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions.

Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

**DATE NOTICE SENT:**_____

Respectfully submitted,

ROBERT PITMAN
United States Attorney

By:_____
Diana Cruz-Zapata
Assistant United States Attorney
Chief, Asset Forfeiture Section
601 N. W. Loop 410, Suite 600
San Antonio, Texas  78216
Tel. (210) 384-7040
Fax  (210) 384-7045
Texas Bar No.  05196800

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                              )<br>            Petitioner,                            )<br>                                                              )<br>V.                                                         )   CIVIL ACTION NO.  DR-12-CA-18<br>                                                              )<br>ONE 2011 JEEP GRAND CHEROKEE,  )<br>VIN: 1J4RR5GT9BC582749,                  )<br>                                                              )<br>            Respondent.                         )  | |

## WARRANT FOR THE ARREST OF PROPERTY

TO THE DEPARTMENT OF HOMELAND SECURITY, HOMELAND SECURITY INVESTIGATIONS OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on February 23, 2012, against the following Property:

One 2011 Jeep Grand Cherokee, VIN: 1J4RR5GT9BC582749, fitted with Level III Ultra Protection Armoring,

hereinafter referred to as the Respondent Vehicle, alleging that the Respondent Vehicle is subject to forfeiture to the United States of America pursuant to Title 22 U.S.C. § 401(a), and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for Arrest of Property be issued as prayed for by Petitioner United States of America,

YOU ARE THEREFORE COMMANDED to arrest the Respondent Property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the Respondent Vehicle is presently found, and to use whatever means may be appropriate

to protect and maintain the Respondent Vehicle in your custody until further order of this Court, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Vehicle and to make a return as provided by law.

SIGNED this _____ day of _____, 2012.

WILLIAM G. PUTNICKI
United States District Clerk
Western District of Texas

By: _____
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. __DR-12-CA-18__ |
| ) | |
| ONE 2011 JEEP GRAND CHEROKEE, ) | |
| VIN: 1J4RR5GT9BC582749, ) | |
| ) | |
| Respondent. ) | |

## ORDER FOR WARRANT OF ARREST OF PROPERTY

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on February 23, 2012, against the following Property:

One 2011 Jeep Grand Cherokee, VIN: 1J4RR5GT9BC582749, fitted with Level III Ultra Protection Armoring,

hereinafter referred to as the Respondent Vehicle, alleging that the Respondent Vehicle is subject to forfeiture to the United States of America pursuant to Title 22 U.S.C. § 401(a) for violation of Title 19 U.S.C. § 1595a(d); IT IS THEREFORE

ORDERED that a Warrant for Arrest of Property of Respondent Vehicle issue as prayed for, and that the Department of Homeland Security, Homeland Security Investigations for the Western District of Texas, or any other law enforcement officer, or any other person or organization authorized by law to enforce the warrant, be commanded to arrest the Respondent Vehicle and take it into possession for safe custody as provided by Rule G, Supplemental Rules of Federal Rules of Civil Procedure until further order of the Court, and to use whatever means may be appropriate to protect and maintain the Respondent Vehicle while in custody, including designating a substitute

custodian or representative for the purposes of maintaining the care and custody of the Respondent Vehicle and to make a return as provided by law.

SIGNED this _____ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE